OPINION
{¶ 1} Appellant-aunt Jackie Williams appeals the decision of the Guernsey County Court of Common Pleas, Family Court Division, which denied her motion to modify prior dispositional orders and for an Order to terminate all parental rights.
 {¶ 2} Appellee is Juli Williams, the birth mother of Kenyarra Webster.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On April 21, 2000, CSB filed a complaint in the Muskingum County Court of Common Pleas, Juvenile Court Division, alleging that the infant child, Kenyarra Webster, needed to be removed immediately from the care, control and custody of her birth mother, appellee Juli Williams, because the child tested positive for cocaine at birth.
 {¶ 4} An immediate kinship placement was requested and approved by the Court, with the infant being placed in the temporary legal custody of the maternal aunt, appellant Jackie Williams. Appellant Jackie Williams resides in Guernsey County, Ohio. The removal request was time stamped April 24, 2000.
 {¶ 5} A case plan was developed whereby Job and Family Services provided services to appellee-mother with the hope of reunification. Appellee-mother failed to comply with the case plan and continued to use illegal drugs.
 {¶ 6} A motion for an order modifying the temporary custody status to full legal custody was filed and the trial court held a hearing on said motion on November 21, 2000. By Judgment Entry dated November 21, 2000, the trial court approved the request and granted legal custody of Kenyarra Webster to appellant-aunt Jackie Williams.
 {¶ 7} Since the date of the original placement, the child has resided continuously with appellant-aunt Jackie Williams.
 {¶ 8} On May 28, 2004, appellant filed a Motion to Modify Prior Dispositional Orders of the Court and for an Order Terminating Parental Rights pursuant to R.C. § 2151.415(F).
 {¶ 9} On January 3, 2005, a hearing was held on said motions with the following persons present for said hearing: Appellant Jackie Williams, her attorney Terrence Baxter, appellee-mother Juli Williams, and her attorney Ron Couch.
 {¶ 10} By Judgment Entry dated April 19, 2005, the trial court denied appellant-aunt's motion finding that it did not have statutory authority to grant same.
 {¶ 11} Thus, it is from this decision that appellant now appeals, raising the following sole assignment of error:
 {¶ 12} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT PROPERLY APPLYING THE STANDARD OF REVIEW TO THE FACTS OF THE CASE AND BY MISINTERPRETING ITS AUTHORITY TO GRANT THE RELIEF REQUESTED."
 I {¶ 13} In her sole assignment of error, appellant-aunt Jackie Williams contends that the trial court erred by not applying the proper standard of review and in holding that it was without authority to grant her the relief requested. We disagree.
 {¶ 14} In the instant case, the trial court found that it would "have no difficulty in finding it would be in the best interest of Kenyarra to terminate the biological mother's parental rights and privileges of the child and to make no further disposition regarding the child. However, this Court does not believe the law in this state allows it to do so. Such action on behalf of this Court would in essence be a consent hearing in an adoption proceeding." (April 19, 2005, Judgment Entry at 3).
 {¶ 15} Upon review, this Court finds that the trial court was correct in finding that it was without jurisdiction to make a disposition in the case sub judice.
 {¶ 16} We find that the legal custodian of a child, who received legal custody through an abuse, neglect or dependency action, cannot file, pursuant to R.C. 2151.415(F), a motion for and be granted, an order permanently terminating the rights of the child's parents. The reason is that a permanent termination of parent rights order must be accompanied by an order granting permanent custody to an appropriate agency.
 {¶ 17} We concede that reading R.C. 2151.415(F) in isolation would lead an individual to believe that he or she could file for and be granted an order permanently terminating parental rights. But the statutes in R.C. Chapter 2151 must be read in pari materia. When the statutes in R.C. Chapter 2151 are read in pari materia, it must be concluded that a motion for the permanent termination of parental rights is to be treated by the court as a motion for permanent custody. That motion must then be prosecuted pursuant to the specific procedures set forth in R.C. Chapter 2151. Those procedures include, inter alia, not only a best interest test but also include the placing of warning language in the motion indicating that a parent can lose all rights, proof by clear and convincing evidence of the allegations, and a written report from a guardian ad litem. Further, by law, any order granting the permanent termination of parental rights must be accompanied by an order granting permanent custody to a public children services agency or a private child placing agency. Permanent custody cannot be granted to an individual. See R.C.2151.011(B)(30).
 {¶ 18} The confusion comes in part when one reads the first part of R.C. 2151.415(F) which states that the "court, on . . . the motion of the . . . person with legal custody of the child . . . may conduct a hearing . . . to determine whether any order issued pursuant to this section should be modified or terminated or whether any other dispositional order set forth in division (A)(1) to (5) of this section should be issued . . ." Division (A)(4) states that an order permanently terminating the parental rights of the child's parents is one that can be issued by the court. This leads one to believe that he or she can file a motion requesting the permanent termination of parental rights. But division (A)(4) follows division (A). Division (A) requires a public children services agency or private child placing agency to file a motion with the court at a certain point in time requesting one of the dispositions in (A)(1) through (A)(5). There is only one mechanism for a public children services agency or a private child placing agency to obtain an order for the permanent termination of parental rights and that is by filing a motion for permanent termination of parental rights and permanent custody. See R.C. Sec. 2151.413 and 2151.414. The second paragraph of R.C. 2151.414(A)(1) states that the court shall conduct a hearing . . . to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion. In other words, R.C. 2151.415(A) and (A)(4) literally state that a public children services agency or private child placing agency may request permanent termination of parental rights. But when reading other sections of R.C. Chapter 2151 as a whole it is clear that such a request cannot be made by the agency unless such a request is accompanied by a request for permanent custody. Therefore, we conclude that a request made for permanent termination of parental rights pursuant to R.C. 2151.415(A)(4), whether made through R.C. 2151.415(A) or R.C. 2151.415(F), must be accompanied by a motion for permanent custody.
 {¶ 19} In addition, section (B) of R.C. 2151.415 when referring to section (A) of R.C. 2151.415 states that "the court . . . shall issue an order of disposition as set forth in division (A) of this section, except that all orders forpermanent custody shall be made in accordance with sections2151.413 and 2151.414 of the Revised Code. . . ." (Emphasis added.) Permanent custody is not mentioned in (1) through (6) of R.C. 2151.415 but permanent termination of parental rights is. In other words, it appears that permanent termination of parental rights in R.C. 2151.415(A)(4) is used to mean permanent custody as set forth in R.C. 2151.415(B).
 {¶ 20} Therefore, it appears from reading all sections of Chapter 2151 in pari materia that permanent termination of parental rights and permanent custody must go together, that the terms are used interchangeably and that the terms must be construed with reference to each other.
 {¶ 21} Also, Revised Code Section 2151.011(B)(30) defines permanent custody as a "legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." Based on this definition, all orders for permanent custody automatically encompass an order permanently terminating parental rights. But, do all orders for permanent termination of parental rights automatically include an order for permanent custody? We conclude that they must. We conclude this based on a reading of all sections of Chapter 2151. Logic indicates that if parental rights are terminated, those rights must go somewhere. In other words, if an order divests a parent of rights, it must also vest those rights somewhere else. That somewhere, by law, is to a public children services agency or private child placing agency by means of a permanent custody order.
 {¶ 22} Our conclusion in the preceding paragraphs is bolstered by a reading of R.C. 5103.16 which deals with the placement of children pending an adoption. Revised Code Section5103.16(D) states: "[n]o child shall be placed or received for adoption or with intent to adopt unless placement is made by a public children services agency, an institution or association that is certified by the department of job and family services under section 5103.03 of the Revised Code to place children for adoption, or custodians in another state or foreign country, or unless all of the following criteria are met . . ." (Those criteria include the child's parent or parents applying to the probate court for approval of the proposed placement). Revised Code Section 5103.16(E) states that "[t]his section does not apply to an adoption by a stepparent, a grandparent, or a guardian." A maternal aunt is not among the exceptions. Placement pending adoption must be made by a public children services agency (or entity certified by job and family services) that has obtained permanent custody of the child.
 {¶ 23} We wish to also briefly address the standard by which a juvenile court should decide whether to grant a permanent termination of parental rights. Revised Code 2151.415(F) states that the court shall comply with section 2151.42 of the Revised Code in deciding whether any order issued pursuant to that section should be modified or terminated. Revised Code 2151.42(B) seems to apply to the situation in the case sub judice and states that the "court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." We shall not address whether or not this is a threshold test to use in the case sub judice. But, since a motion to terminate parental rights must be accompanied by a request for permanent custody, then to succeed on this motion, the movant must follow the procedures for a permanent custody action, wherein best interests is only part of the criteria and proof must be by clear and convincing evidence. A statute that specifically deals with permanent custody necessarily is the applicable law when a statute more general in nature addresses the same issue.
 {¶ 24} We also find that R.C. 2151.413 authorizes a public children services agency or private child placing agency to file a motion for permanent custody. The question of whether those entities are the only entities that can file a motion for permanent custody is not before us and, thus, we render no decision on that. But it is clear that one of those entities must at least be a party to a motion for permanent custody since only one of those entities can be granted permanent custody. R.C.2151.011(B)(30).
 {¶ 25} Therefore, we affirm the trial court's decision. The trial court does not have the authority in the case sub judice to grant an order, to the appellant, permanently terminating parental rights and cannot issue that type of order without ordering that permanent custody of the child be granted to an appropriate agency. In addition, a permanent custody motion must be prosecuted as specifically set forth in Chapter 2151. Permanent termination of parental rights and permanent custody are two sides of one coin. One must be accompanied by the other. As set forth by the court In The Matter of Paige Olmsted,
Hancock App. No. 5-01-24, 2001-Ohio-2323, termination of parental rights would necessarily cause permanent custody to vest in one of the designated agencies listed in R.C.2151.011(B)(30)[1] because the concept of termination of parental rights and establishment of permanent custody are inherently interdependent.[2] The Olmstead court also stated that a termination of parental rights cannot occur without the concomitant vesting of permanent custody.
 {¶ 26} The appellant could make a motion for a temporary suspension of the mother's right to visit or to have contact with the child, or appellant could get the appropriate agency involved and prosecute a permanent custody action, but a motion solely for permanent termination of parental rights is not authorized under the law.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J. Boggins, P.J., dissents Hoffman, J. concurs.
[1] The Olmstead case refers to R.C. 2151.011(B)(23), but that language is now contained in R.C. 2151.011(B)(30).
[2] This is a paraphrase of the court's finding. The court also found that a guardian ad litem could file a motion for permanent custody placement with the appropriate public agency, an issue regarding standing which we are not addressing in this opinion.