In re C.T.; Agapay, Appellant.

[Cite as *In re C.T.*, 174 Ohio App.3d 594, 2007-Ohio-6970.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–07–20.

Decided Dec. 26, 2007.

Shane M. Leuthold, for appellant.

Stanley E. Flegm, Crawford County Prosecuting Attorney, and Michael J. Wiener, Assistant Prosecuting Attorney, for appellee Crawford County Job and Family Services.

Geoffrey L. Stoll, guardian ad litem.

WILLAMOWSKI, Judge.

{¶ 1} Appellant Naomi Agapay brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Juvenile Division, terminating her parental rights.

{¶ 2} On March 20, 2006, C.T. was adjudicated a dependant child because his sister had been adjudicated an abused child. At disposition, occurring on the same day, temporary custody was granted to the Crawford County Department of Job and Family Services ("the agency"). The agency then created a case plan for Agapay that included the following requirements: (1) obtain financial independence, (2) obtain a psychological evaluation and complete any recommended counseling, and (3) obtain a parental evaluation and complete any recommended counseling. Agapay successfully completed the psychological evaluation and counseling. She also completed the parental evaluation, which identified no problems and did not require any additional action.

{¶ 3} On January 9, 2007, a hearing was held on Agapay's motion for review and modification, which requested that custody be returned to her. The agency also had filed a motion requesting an extension of temporary custody. The parties stipulated that with the exception of obtaining and maintaining stable employment, Agapay had completed the remaining goals and objectives of the original case plan. On January 17, 2007, the trial court granted the agency's motion for a continuance of temporary custody and denied Agapay's motion for modification of custody.

■ {¶ 4} On January 23, 2007, the guardian ad litem ("GAL") filed a motion requesting that permanent custody be granted to the agency.[1] This motion was filed less than 12 months after the agency assumed custody of the children pursuant to R.C. 2151.414(B)(2)(d). A hearing was held on the motion on March 21, 2007. On June 28, 2007, the trial court granted the GAL's motion and granted permanent custody to the agency. Agapay appeals from this judgment and raises the following assignments of error.

The court's grant of permanent custody of [C.T.] to [the Agency] was against the manifest weight of the evidence since [Agapay] had substantially completed the case plan goals and objectives.

The court erred when it granted the motion for permanent custody since the agency could have secured permanent placement without the grant of permanent custody to the agency pursuant to R.C. 2151.414(D)(4).

{¶ 5} A review of the record in this case indicates that the GAL filed its motion and permanent custody was granted pursuant to R.C. 2151.414.

(A) A public children services agency or private child placing agency that, pursuant to an order of disposition under [R.C. 2151.353(A)(2) ] * * * is granted temporary custody of a child who is not abandoned or orphaned may file a motion in the court that made the disposition of the child requesting permanent custody of the child.

* * *

(D)(1) Except as provided in division (D)(3) of this section, if a child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, the agency with custody shall file a motion requesting permanent custody of the child.

R.C. 2151.413.

(A)(1) Upon the filing of a motion pursuant to [R.C. 2151.413] for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing * * * to all parties to the action and to the child's guardian ad litem.

* * *

---

**1.** This court finds it interesting that the motion for permanent custody does not refer to any failure by Agapay to comply with the case plan. At the prior hearing, the agency and Agapay stipulated that Agapay had substantially complied with the case plan by completing all of the objectives except obtaining employment. Instead, the motion rests on Agapay's failure to accept that a sibling had been abused by a boyfriend. However, there was no requirement concerning this or even to keep the child away from the boyfriend in the case plan.

(B)(2) With respect to a motion made pursuant to [R.C. 2151.413(D)(2)], the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines * * * that permanent custody is in the child's best interest.

R.C. 2151.414. Nowhere in this statute is a GAL granted authority to move for permanent custody. A GAL is not an agent of the agency, but rather an agent of the court, created by statute to represent the best interests of the child. R.C. 2151.281. "The [GAL] so appointed shall not be the attorney responsible for presenting the evidence alleging that the child is an abused or neglected child and shall not be an employee of any party in the proceeding." R.C. 2151.281(B)(1). The statute providing for the appointment of a GAL does permit the GAL to file any motions that are in the best interest of the child. See R.C. 2151.281(I); see also R.C. 2151.415(F). However, while this may include a recommendation that a children's services agency move for permanent custody, the GAL cannot move on behalf of a children's services agency to grant permanent custody to that agency. To rule otherwise would permit a third party to seek custody of a child on behalf of a nonmoving party.

{¶ 6} In *In re Olmsted* (Nov. 27, 2001), 3d Dist. No. 5–01–24, 2001 WL 1504242, this court was asked whether a trial court erred when it denied a GAL the opportunity to argue and present evidence with regard to a motion filed by the GAL for permanent custody. This court held that as a matter of law, the trial court did not err because the statute that permits the filing of the motion states only that the trial court may hold a hearing, not that it shall. See R.C. 2151.415(F). This court was not required in *Olmsted* to determine whether a GAL has the authority to file the motion. Thus, notwithstanding the dicta in *Olmsted* that may appear to permit a GAL to file a motion for permanent rights, this court now holds that the GAL is not permitted to file a motion for permanent custody, because such a motion is subject to the requirements of R.C. 2151.413 and 2151.414, which require the motion to be filed by the appropriate agency. R.C. 2151.415(B).

{¶ 7} A statute governing the motion for permanent custody is found at R.C. 2151.413. This statute is specifically referenced by R.C. 2151.414, which is the statute governing the hearing on the motion for permanent custody. "There is only one mechanism for a public children services agency or a private child placing agency to obtain an order for the permanent termination of parental rights and that is by filing a motion for permanent termination of parental rights and permanent custody." *In re Webster*, 5th Dist. No. 05–CA–21, 2006-Ohio-2029, 2006 WL 1063766, ¶ 18. At no point do these statutes refer to other

statutes that grant any party other than the agency to move for permanent custody of a child. In fact, R.C. 2151.415(B), referring to the remedies set forth in division (A) of the section, specifically states that "the court * * * shall issue an order of disposition as set forth in division (A) of this section, except that all orders for permanent custody shall be made in accordance with [R.C. 2151.413 and 2151.414] * * *." Id. at ¶ 19. Since R.C. 2151.413 and 2151.414 require a motion by the agency, the GAL did not have standing to seek an award of permanent custody of C.T. to the agency, and the GAL's motion is not permitted under R.C. 2151.413. The granting of the GAL's motion is plain error.[2]

{¶ 8} Having found that the trial court's judgment granting the GAL's motion for permanent custody when the GAL lacked standing to file the motion was error, there is no need to address the assignments of error. The judgment of the Court of Common Pleas of Crawford County, Juvenile Division, is reversed, and the matter is remanded.

Judgment reversed
and cause remanded.

ROGERS, P.J., concurs.

SHAW, J., concurs in judgment only.

---

2. Additionally, if this court were to find that the GAL did have authority to move for permanent custody, then the trial court erred by granting custody to the agency. The statute mandates that permanent custody be granted to *the moving party*, which is the GAL, not the agency. Thus, the GAL would be required to accept permanent custody, because he is the moving party.